THE STATE EX REL. LOGAN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Logan v. Indus. Comm.* (1995), 72 Ohio St.3d 599.]

(No. 94-364—Submitted May 9, 1995—Decided July 26, 1995.)

*Livorno & Arnett* and *John F. Livorno,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellees.

---

*Per Curiam.* "The average weekly wage is designed to 'find a fair basis for award for the loss of future compensation.' * * * In calculating this figure, two considerations dominate. First, the AWW must do substantial justice to the claimant. Second, it should not provide a windfall. * * *" (Citations omitted.)

*State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 287, 551 N.E.2d 1265, 1266–1267.

Former R.C. 4123.61 provided:

" * * * [C]laimant's * * average weekly wage for the year preceding the injury * * * shall be the weekly wage upon which compensation shall be based. In ascertaining the average weekly wage for the year previous to the injury * * * any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the commission, in determining the average weekly wage in such cases, shall use such method as will enable it to do substantial justice to the claimants." (128 Ohio Laws 743, 764–765.)

At issue are periods of alleged unemployment and part-time employment. Under former R.C. 4123.61, periods of unemployment that were found to be beyond claimant's control were excluded from the calculation. Consistent with this directive, the commission excluded thirteen weeks from the denominator. This exclusion was based on OBES records that documented payments of unemployment compensation from April 27, 1989 to May 11, 1989 and September 28, 1989 to November 22, 1989. Because OBES benefits hinge on both unemployment and an ongoing effort to find work, payment of these benefits may be interpreted as evidence that claimant's unemployment was due to circumstances beyond his control, and exclusion was appropriate.

Claimant also claims that he was unemployed from November 23, 1989 to April 6, 1990, and criticizes the commission for failing to exclude those weeks from the formula. This allegation is unpersuasive.

Claimant corroborated his allegation of unemployment from April 27, 1989 to May 11, 1989 and September 28, 1989 to November 11, 1989 with OBES records. Similar substantiation is conspicuously absent for the periods from May 11, 1989 to June 3, 1989 and November 23, 1989 to April 6, 1990. The commission, in the exercise of its evidentiary prerogative, did not err in finding that the lack of independent verification rendered claimant's allegation of unemployment over the disputed periods unconvincing. The commission, therefore, did not err in refusing to exclude those disputed weeks.

We also reject claimant's entreaty to exclude his weeks of part-time work. Part-time work is not listed among those situations that R.C. 4123.61 decreed must be excluded from the AWW computation. Elimination, therefore, can be accomplished only through the "special circumstances" provision of R.C. 4123.61. While part-time employment is not *per se* a "special circumstance," in some part-

time situations "special circumstances" may indeed exist. *State ex rel. Wireman, supra.*

We do not find "special circumstances" in this case. Claimant does not dispute the district hearing officer's finding that:

"[F]rom 6/3/89—9/6/89 claimant worked at Genesis earning $5058.28. It is found that claimant was employed by Beulah Park *also* over this period as it is a seasonal summer job." (Emphasis added.)

Claimant's part-time job was not due to reasons beyond his control. Instead, his part-time status was due to claimant's contemporaneous full-time job with Genesis that precluded more hours at Beulah. Accordingly, the commission's decision to include this period in the AWW was not an abuse of discretion.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.