DECISION
{¶ 1} Relator, Giant Eagle, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which set the average weekly wage ("AWW") of respondent Judy A. Lynch ("claimant"). In its mandamus action, relator claims that the commission abused its discretion in setting claimant's AWW on the basis of 76 weeks of employment which included approximately $10,000 in unemployment compensation which claimant received in 2001.
 {¶ 2} The matter was referred to a magistrate of this court, pursuant to Civ. R. 53(C) and Section M, Loc. R. 12 of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court issue a writ of mandamus ordering the commission to vacate its order granting claimant an award for her AWW, and to issue a new order determining claimant's AWW and providing a reasonable explanation for its order. (Attached as Appendix A.)
 {¶ 3} No objections have been filed to the decision of the magistrate.
 {¶ 4} Based upon an independent review of the file, we find that it contains no error of law or other defect on its face. Since no objections were filed to the magistrate's decision, we adopt the magistrate's decision as our own.
 {¶ 5} Relator's request for a writ of mandamus is granted, the commission is ordered to vacate its award to claimant for her AWW and to issue a new order determining claimant's AWW, pursuant to R.C. 4123.61, and to provide a reasonable explanation for that decision.
Writ of mandamus granted.
Petree and French, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
The State of Ohio ex rel. Giant Eagle, Inc., : Relator, : v. : No. 04AP-253 Industrial Commission of Ohio : (REGULAR CALENDAR) and Judy A. Lynch, : Respondents. :
 MAGISTRATE'S DECISION Rendered on July 16, 2004 Rademaker, Matty, McClelland Greve, Kirk R. Henrikson and Nicole M.Holt, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.
Shapiro, Marnecheck Riemer, and Matthew A. Palnik, for respondent Judy A. Lynch.
 IN MANDAMUS {¶ 6} Relator, Giant Eagle, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which set the average weekly wage ("AWW") of respondent Judy A. Lynch ("claimant") because the commission abused its discretion in setting claimant's AWW on the basis of 76 weeks of employment which included approximately $10,000 in unemployment compensation which claimant received in 2001.
Findings of Fact:
 {¶ 7} 1. Claimant sustained a work-related injury on July 25, 2002, and her claim has been allowed for "cervical sprain, left shoulder sprain, left wrist sprain, left knee contusion/sprain, left hip sprain."
 {¶ 8} 2. At the time of her injury, claimant had only been employed with relator for approximately six months and had been working on a part-time basis.
 {¶ 9} 3. On February 14, 2003, claimant filed a motion requesting that her AWW be set at $361.65. In support of her motion, claimant attached the following affidavit:
Judy Lynch, being first duly sworn, deposes and states that the following are her wages received for the period of January 1, 2001 through July 25, 2002, which are verified by the attached W-2 forms, Unemployment Data Sheets and Employee Earnings History from Giant Eagle, Inc.
From January 1, 2001 through December 31, 2001, I received a total $23,309.83.
From January 1, 2002 through February 13, 2002, I was unemployed and without any earnings and/or income despite my efforts to find employment.
On or about February 14, 2002, I began my employment with Giant Eagle, Inc. and for the period of February 14, 2002 through July 25, 2002, I earned a total of $2,042.52. In addition to my earnings from Giant Eagle, I received $2,182.59 from the Ohio Department of Job and Family Services as a supplement for the wage loss I sustained while employed by Giant Eagle.
Therefore, please set my AWW at $361.65 based upon my 76 weeks of employment for the above period.
 {¶ 10} 4. Claimant's motion was heard before a district hearing officer ("DHO") on April 30, 2003, and resulted in an order which set her AWW at $333.58 based upon wages of $25,352.35 divided by 76 weeks. Both claimant and relator appealed and the matter was heard before a staff hearing officer ("SHO") on June 30, 2003, and resulted in an order affirming the prior DHO order as follows:
The average weekly wage is ordered set at $333.58 based on wages of $25,352.35, divided by 76 weeks. The 76 weeks represent 2001 wages plus those until claimant was injured in July 2002, less weeks she was unemployed. Claimant's request to include $2,132.59 that she alleges was paid to her by the Department of Job and Family Services "as a supplement for the wage loss" she sustained following her injury, is denied. The Staff Hearing Officer is unable to determine from the evidence on file if such a supplement actually occurred, and, if so, why.
The claimant testified that this amount was a "wage loss type" compensation.
Yet, without better verification as to the purpose of this compensation from the Department of Job and Family Services, the Staff Hearing Officer cannot consider the amount in average weekly wage calculations.
 {¶ 11} 5. Relator's request for reconsideration was denied by order of the commission mailed November 14, 2003.
 {¶ 12} 6. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 13} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State exrel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record ontains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 14} R.C. 4123.61 provides for the computation of the AWW and states, in pertinent part, as follows:
The average weekly wage of an injured employee at the time of the injury or at the time disability due to the occupational disease begins is the basis upon which to compute benefits.
* * *
In death, permanent total disability, permanent partial disability claims, and impairment of earnings claims, the claimant's or the decedent's average weekly wage for the year preceding the injury or the date the disability due to the occupational disease begins is the weekly wage upon which compensation shall be based. In ascertaining the average weekly wage for the year previous to the injury, or the date the disability due to the occupational disease begins any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.
In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the average weekly wage in such cases, shall use such method as will enable him to do substantial justice to the claimants.
 {¶ 15} As indicated above, a claimant's AWW is ordinarily calculated based upon the claimant's wages for the year preceding the injury. However, the commission has discretion to determine that "special circumstances" exist which justify applying a different method to calculate a claimant's AWW in order to do substantial justice to the claimant.
 {¶ 16} In the present case, it is clear that the commission did not simply use claimant's wages for the year preceding her injury in calculating her AWW. As such, it appears that the commission determined that "special circumstances" existed justifying the utilization of a different method of calculation. However, in its order, the commission provided no explanation for either its rationale or its calculation of the claimant's AWW. Pursuant to State ex rel. Mitchell v. Robbins Myers,Inc. (1983), 6 Ohio St.3d 481, the commission is required to specifically state that evidence upon which it has relied to reach their conclusion and to provide a brief explanation explaining why the claimant is or is not entitled to the benefits requested. When the commission fails to do so, a writ of mandamus should be granted directing the commission to specify the basis for its decision. As such, a writ of mandamus is appropriate in this case.
 {¶ 17} Relator cites State ex rel. McDulin v. Indus. Comm. (2000),89 Ohio St.3d 390, and asserts that the commission should be ordered not to include any of claimant's unemployment compensation in determining her AWW. However, this magistrate finds that that result is not necessarily mandated by the court's decision in McDulin.
 {¶ 18} In McDulin, the claimant had argued that, in calculating his AWW, the commission should include the amount of "miscellaneous income" represented by reimbursement for lodging, meals, and tool and truck expenses which his employer had reported on federal income tax forms. The court disagreed and stated that the terms "income" and "wages" are not synonymous and noted that, under the claimant's theory, dividends, interest, and other forms of income unrelated to a claimant's job performance, could be included in a calculation of AWW. The court went on to note however that, in some situations, lodging, meals, etc., can be part of a claimant's wage package; but that, in the present case, the claimant did not present evidence that the disputed money was indeed gainful remuneration rather than simple reimbursement for expenses incurred by the claimant.
 {¶ 19} Relator argues that unemployment compensation cannot constitute "wages" for purposes of a determination of claimant's AWW. Instead, relator contends that claimant's AWW should be set at $39.28 based upon her six months of part-time employment with relator. While the commission is to be sure that a claimant does not gain a windfall in determining AWW, in the present case, the commission may exercise its discretion and conclude that setting claimant's AWW at $39.28 will not due "substantial justice to this particular claimant." As such, this magistrate finds that this court should not order the commission to set claimant's AWW at $39.28 as argued by relator but that the commission needs to make the determination of claimant's AWW pursuant to R.C. 4123.61 and must provide a reasonable explanation for the decision.
 {¶ 20} Based on the foregoing, this magistrate concludes that relator has demonstrated that the commission abused its discretion in setting claimant's AWW without providing any explanation as to the rationale therefore. As such, this magistrate concludes that this court should issue a writ of mandamus ordering the commission to vacate its order granting claimant an award for her AWW and the commission should issue a new order, determining claimant's AWW, and providing a reasonable explanation.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE