THE STATE EX REL. FEDEX GROUND PACKAGE SYSTEM, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. FedEx Ground Package Sys., Inc. v. Indus. Comm.*, 126 Ohio St.3d 37, 2010-Ohio-2451.]

*Workers' compensation — R.C. 4123.61 — Calculation of average weekly wage and full weekly wage — Claimant with multiple jobs — Industrial Commission did not abuse discretion in including wages from second job in calculation of average and full weekly wage for purposes of determining amount of temporary total disability compensation for injury on first job.*

(No. 2009-0918 — Submitted March 30, 2010 — Decided June 8, 2010.)

APPEAL from the Court of Appeals for Franklin County, No. 07AP-959, 182 Ohio App.3d 152, 2009-Ohio-1708.

_____

**Per Curiam**.

{¶ 1} Appellee Christopher J. Roper was working multiple jobs at the time of his industrial injury. We must determine which wages are to be included in the calculation of his average weekly wage ("AWW") and full weekly wage ("FWW").

{¶ 2} Roper began working part-time for appellant FedEx Ground Package System, Inc., in 2004. Roper generally made between $190 and $250 per week. In April 2006, Roper took a second job with Integrated Pest Control that paid considerably more than the job at FedEx. Roper was also operating a side business, Affordable Animal Removal, concurrently with the other two jobs.

{¶ 3} On October 24, 2006, Roper was injured at FedEx. FedEx, a self-insured employer, set Roper's AWW at $160.45, and his FWW at $250.80, based

solely on his earnings at FedEx. Roper moved appellee Industrial Commission of Ohio to reset his average and full weekly wages based on his combined earnings from FedEx and Integrated Pest Control.

{¶ 4} A district hearing officer, citing the "special circumstances" provision of R.C. 4123.61, granted Roper's motion and reset his AWW at $417.05, and FWW at $457.36, based on income from both jobs.[1] That order was administratively affirmed.

{¶ 5} FedEx filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in increasing Roper's full and average weekly wages. The court of appeals disagreed and denied the writ, prompting FedEx's appeal to this court as of right.

{¶ 6} At issue is the commission's inclusion of Roper's additional wages from Integrated Pest Control when computing his full and average weekly wage. Our review supports these calculations.

{¶ 7} The AWW "is the basis upon which to compute benefits," R.C. 4123.61, and "should approximate the average amount that the claimant would have received had he continued working after the injury as he had before the injury." *State ex rel. Erkard v. Indus. Comm.* (1988), 55 Ohio App.3d 186, 188, 563 N.E.2d 310. The AWW must do the claimant "substantial justice" without providing a windfall. *State ex rel. Logan v. Indus. Comm.* (1995), 72 Ohio St.3d 599, 600, 651 N.E.2d 1008.

{¶ 8} R.C. 4123.61 refers to the claimant's "average weekly wage for the year preceding the injury," so the AWW is typically based on the employee's earnings for the year prior to injury divided by 52 weeks. *State ex rel. Clark v. Indus. Comm.* (1994), 69 Ohio St.3d 563, 565, 634 N.E.2d 1014. This formula can, however, be abandoned if there are "special circumstances under which the

---

1. Federal tax records established that Roper's Affordable Animal Removal operated at a loss over the relevant period.

average weekly wage cannot justly be determined" by applying that formula. R.C. 4123.61. When that occurs, the administrator of the Bureau of Workers' Compensation "shall use such method as will enable the administrator to do substantial justice to the claimants." Id.

{¶ 9} Roper worked at FedEx and Integrated Pest Control concurrently. The district and staff hearing officers concluded that Roper's additional employment with Integrated Pest Control was a special circumstance that warranted inclusion of those earnings in the aggregate wages for the year preceding injury. The commission defends the amount set, but now states that the hearing officers erred in using the special-circumstances provision, because the standard calculation already demands inclusion of all wages earned in the year prior to injury.

{¶ 10} FedEx argues that inclusion of wages from other, concurrent employment discourages claimants from continuing to work at the second job if they are medically able. The higher AWW that results from combining wages "creates a disincentive for employees to return to the workplace," FedEx claims. FedEx also believes that it is unfair to require an employer to pay weekly temporary total disability benefits that exceed the weekly amount that the claimant made while in its employ. FedEx urges us to exclude secondary wages in their entirety or at least limit their inclusion to situations where the two jobs are similar in character. We reject FedEx's position for several reasons.

{¶ 11} First, there is no statutory basis for excluding concurrent wages. R.C. 4123.61 refers to wages earned in the year prior to injury without qualification or exclusion.

{¶ 12} Second, contrary to FedEx's representation, relevant case law does not limit the inclusion of concurrent wages to jobs involving "similar" employment. FedEx's reliance on the 1933 decision in *State ex rel. Smith v. Indus. Comm.* (1933), 127 Ohio St. 217, 187 N.E.768, is misplaced. *Smith*

involved a predecessor version of R.C. 4123.61 that differed significantly from the current statute. G.C. 1465-84 provided no definition for the term "average weekly wage." 103 Ohio Laws 87. R.C. 4123.61, however, specifically states that the AWW includes wages for the year preceding injury without qualification or exclusion. Given this statutory change, *Smith* is not relevant to the case at bar.

{¶ 13} FedEx's argument also fails from a practical standpoint. FedEx decries as inequitable the inclusion of wages from Roper's second job because those wages were significantly higher than his wages at FedEx. Similar jobs, however, can also have very disparate earnings. Limiting wages to jobs that are similar in character does not eliminate the potential wage differential to which FedEx objects.

{¶ 14} Third, we are not persuaded by FedEx's assertion that inclusion of concurrent wages discourages employment. FedEx believes that combining concurrent wages could produce an AWW – and with it a weekly amount of temporary total disability compensation – that is high enough to discourage injured employees from continuing to work at the second job even if they are medically able. This proposition, however, ignores the fact that R.C. 4123.56(A) expressly prohibits temporary total disability compensation payments "when work within the physical capabilities of the employee is made available by the employer or another employer." Accordingly, a claimant who is still physically capable of working the second job but chooses not to cannot receive temporary total disability compensation.

{¶ 15} Finally, inclusion of concurrent wages is not inherently unfair. FedEx argues that it is unfair to require it to pay temporary total disability compensation benefits that, based on combined wages, exceed Roper's wages at FedEx. This assertion fails for two reasons.

{¶ 16} First, if a claimant is so severely hurt at one job as to disable him or her from both, it is not unfair to compensate the claimant for that cumulative

loss. Second, the inclusion of two sets of wages was not considered unfair by the General Assembly when it promulgated R.C. 4123.61. Again, under R.C. 4123.61, income from a previous job must be included in an AWW computation if the employment occurred during the relevant 52-week period. FedEx does not persuasively explain why concurrent wages should be treated differently from consecutive ones.

{¶ 17} We accordingly find that the commission did not abuse its discretion in including earnings from both FedEx and Integrated Pest Control in establishing Roper's AWW.

{¶ 18} FedEx also challenges the amount of Roper's FWW. The Revised Code does not define "full weekly wage" for workers' compensation purposes, and this silence has been construed as affording the commission discretion in setting the FWW. *State ex rel. Taylor v. Indus. Comm.*, Franklin App. No. 05AP-803, 2006-Ohio-4781, ¶ 14. Consistent with this discretion, the commission and bureau in 1980 issued Joint Resolution No. R80-7-48:

{¶ 19} "WHEREAS confusion and uncertainty [have] arisen regarding the computation of the full weekly wage of injured employees under Ohio Revised code section 4123.61, and

{¶ 20} "WHEREAS the Industrial Commission and [B]ureau of Workers' Compensation seek to achieve uniformity of treatment between state-fund and self-insuring employers;

{¶ 21} "THEREFORE BE IT RESOLVED, that the full weekly wage shall be computed in the following manner:

{¶ 22} "For employees who have been either continuously employed for six weeks prior to the date of injury or who have worked for at least seven days prior to the date of injury, the full weekly wage shall be the higher amount of either:

**{¶ 23}** "a) The gross wages (including overtime pay) earned over the aforementioned six week period divided by six, or

**{¶ 24}** "b) The employee's gross wages earned for the seven days prior to the date of injury (excluding overtime pay)."

**{¶ 25}** The staff hearing officer used the first formula to set Roper's FWW. FedEx challenges the commission's reliance on R80-7-48, alleging that it was superseded in 1993 by Am.Sub.H.B. No. 107. 145 Ohio Laws, Part II, 2990. This argument, however, was correctly rejected in *Taylor*, which emphasized that the only change that Am.Sub.H.B. No. 107 made to R.C. 4123.61 was the substitution of the bureau for the commission. The balance of the statute remained intact, prompting this conclusion:

**{¶ 26}** "[I]n former R.C. 4123.61, as amended by (1993) Am.Sub.H.B. No. 107, the agency responsible for determining FWW was changed, and consequently, as applied to the commission, Joint Resolution No. R80-7-48 was superseded to a limited extent. However, we find nothing in (1993) Am.Sub.H.B. No. 107 that abrogates the computation of FWW as contained in Joint Resolution No. R80-7-48. We also cannot conclude that the commission's recognition that Joint Resolution No. R80-7-48 was superseded to a limited extent, as applied to the commission, altered the formula for determining FWW. Furthermore, the commission's recognition that the joint resolution was superseded to a limited extent did not necessarily prohibit the commission from relying, in part, upon Joint Resolution No. R80-7-48 when it exercised its discretion in determining relator's FWW." *Taylor*, 2006-Ohio-4781, ¶ 14.

**{¶ 27}** We have consistently recognized and generally deferred to the commission's expertise in areas falling under the agency's jurisdiction. *State ex rel. Hina v. Indus. Comm.*, 121 Ohio St.3d 4, 2009-Ohio-250, 901 N.E.2d 221, ¶ 19. We therefore defer to the commission's FWW calculation and find that no abuse of discretion occurred.

{¶ 28} The judgment of the court of appeals is affirmed.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

BROWN, C.J., and LANZINGER, J., not participating.

_____

Eastman & Smith, Ltd., John T. Landwehr, Nicole A. Flynn, and Mark A. Shaw, for appellant.

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and Theodore A. Bowman, for appellee Christopher Roper.

Richard Cordray, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.

_____