THE STATE EX REL. VILLAGE OF OAKWOOD, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.
[Cite as *State ex rel. Oakwood v. Indus. Comm.*,
132 Ohio St.3d 406, 2012-Ohio-3209.]

*Workers' compensation—Determination of responsible employer when more than*
*one has an employment relation with the injured worker.*

(No. 2011-0060—Submitted May 8, 2012—Decided July 18, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 09AP-999, 190 Ohio App.3d 689, 2010-Ohio-5861.

_____

**Per Curiam**.

**{¶ 1}** In 2008, Craig Ali was a police officer for appellant, the village of Oakwood. That spring, his department assigned him to perform traffic-control duties on a highway-construction project overseen by appellee Kokosing Construction Company, Inc. Ali was injured while performing those duties. We must determine which entity was Ali's employer for purposes of his workers' compensation claim.

**{¶ 2}** It is undisputed that Kokosing generally used State Highway Patrol officers for traffic control. Kokosing, however, had been directed by Oakwood police officials to use Oakwood officers for traffic-control duties within village boundaries, and Ali was assigned to the project. Ali wore his Oakwood police uniform and sat in an Oakwood police cruiser that Kokosing had leased from the village. Kokosing, not Oakwood, paid Ali for his services during this time.

**{¶ 3}** Ali was injured when his cruiser was hit by another vehicle. The Bureau of Workers' Compensation initially allowed the claim against Oakwood but issued a later order naming Kokosing as the proper employer. Kokosing

objected, and the matter was set for hearing before appellee Industrial Commission of Ohio.

**{¶ 4}** A district hearing officer found that Kokosing was Ali's employer at the time of injury:

> Injured Worker described being paid by Kokosing Construction via check with their name on it, assigned to his work by them, and directed as to his duties by them. Although Injured Worker wore his Oakwood Village police officer uniform and sat in the Village cruiser, the Oakwood Village Law Director testified that Kokosing leased the vehicle for the duration of the Injured Worker's need of it. Examining the totality of the circumstances persuades the Hearing Officer that Kokosing Construction Company, Inc. was the Injured Worker's employer on the date of injury on this claim.

**{¶ 5}** A staff hearing officer reversed:

> [T]he correct employer herein is Oakwood Village and not Kokosing Construction. Per the unrefuted testimony of Kokosing supervisor Mr. Schloss, Kokosing Construction was directed by Sergeant Biggam of the Oakwood Village Police Department to utilize Oakwood Village police officers for traffic control duties within the geographic boundaries of Oakwood Village and to not follow Kokosing's usual practice of using Ohio State Highway Patrol officers for such duties. Sergeant Biggam identified claimant as an officer appropriate for such duty and arranged for claimant's use of an Oakwood Village police cruiser during his

activities relative to traffic control at the Kokosing Construction job site. Claimant wore his Oakwood Village police uniform and was at the site of the accident for purposes of maintaining traffic control, an activity not performed by Kokosing Construction. Claimant would not have been engaged in traffic control functions on 05/23/2008 were he not an Oakwood Village police officer, in uniform and in a police cruiser, having been specifically authorized to engage in such activity by his usual employer, Sergeant Biggam/Oakwood Village.

**{¶ 6}** After further administrative appeal was refused, Oakwood filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in finding it to be the amenable employer. Oakwood argued that the commission had not considered the factors listed in *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981), rendering its analysis fatally deficient. The court, however, found no abuse of discretion and denied the writ, prompting Oakwood's appeal to this court as of right.

**{¶ 7}** Our analysis centers on two decisions—*Lord* and *Fisher v. Mayfield*, 49 Ohio St.3d 275, 551 N.E.2d 1271 (1990). These cases, as part of a "totality of the circumstances" analysis, identified three factors to consider when determining whether an injury occurred in the course of a claimant's employment—an issue distinct from that at bar. Despite this distinction, Oakwood challenges the commission's analysis because of the commission's failure to consider the *Lord*/*Fisher* factors. We must determine whether this was an abuse of discretion.

**{¶ 8}** The claimants in *Lord* and *Fisher* were injured while deviating from their normal workday routine, which raised a pivotal question: Did the

injury occur in the course of and arise from employment? The answer, according to *Lord*,

> depends upon the "totality of the facts and circumstances" regarding the accident. Such circumstances include: (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.

*Lord*, 66 Ohio St.2d at 444, 423 N.E.2d 96.

{¶ 9} *Fisher* affirmed the *Lord* test. There, a teacher who also oversaw the district's flower fund was hurt when she stopped at another school to collect donations. Again, the issue was whether her injuries arose from her employment, and after applying the *Lord* factors, we held that it was. We cautioned, however, that

> workers' compensation cases are, to a large extent, very fact specific. As such, no one test or analysis can be said to apply to each and every factual possibility. Nor can only one factor be considered controlling. Rather, a flexible and analytically sound approach to these cases is preferable. Otherwise, the application of hard and fast rules can lead to unsound and unfair results.

*Fisher*, 49 Ohio St.3d at 280, 551 N.E.2d 1271.

{¶ 10} These observations support appellees' assertion that consideration of the *Lord*/*Fisher* factors should not be mandatory, as does the experience of the Second District Court of Appeals in attempting to apply *Lord* and *Fisher* to an

issue like that currently before us. *Cooper v. Dayton*, 120 Ohio App.3d 34, 696 N.E.2d 640 (1997), involved a Dayton policeman who moonlighted as an undercover loss-prevention specialist at a local grocery. During one of his grocery shifts, he confronted a shoplifter. When the suspect tried to flee, Cooper pulled out his service revolver and badge, and identified himself as a Dayton police officer. Cooper was injured in the encounter.

**{¶ 11}** As here, the issue was not whether the injury happened in the course of employment; it clearly did. The question instead was, employment with whom—the city or the grocery? To answer this, the court of appeals turned to *Lord* and *Fisher*. It acknowledged at the outset that the two cases involved a different issue, but felt that they nevertheless "provide[d] a viable analytical framework to resolve the present dispute." *Id*. at 42. The court quickly admitted, however, that *Lord*'s three-pronged test proved "somewhat problematic when applied to the facts" before it. *Id*. at 44.

**{¶ 12}** The difficulty was that applying a *Lord/Fisher* factor to each of two employers can produce the same answer. For example, because the injury occurred in the store's parking lot, which was located within Dayton's boundaries, proximity could be attributed to either potential employer. The same was true of control, with the court finding that "Groceryland retained day-to-day control of its own parking lot * * *, [while] the city police department also retain[ed] control of the property within the city limits for law-enforcement purposes." 120 Ohio App.3d at 47, 696 N.E.2d 640. The third factor—benefit to the employer—was also not helpful, because both employers benefited from Cooper's presence. Ultimately, the court moved beyond *Lord/Fisher* and concluded that when Cooper pulled his badge and revolver and identified himself as a Dayton police officer, he was no longer acting as a store security guard but as a Dayton policeman.

**{¶ 13}** Consistent with *Fisher* and its support of a flexible approach to certain complex workers' compensation matters, we hold that the commission—when confronted with two potential employers—may, but is not required to, use any of the *Lord*/*Fisher* factors that it believes will assist analysis. If different considerations are necessary, however, the commission must have the discretion to use them. Therefore, we find that it did not abuse its discretion by not directly discussing the three enumerated *Lord*/*Fisher* factors.

**{¶ 14}** The staff hearing officer examined the totality of what he considered to be the relevant circumstances in this case and made determinations supported by evidence in the record. We have "consistently recognized and generally deferred to the commission's expertise in areas falling under the agency's jurisdiction." *State ex rel. FedEx Ground Package Sys., Inc. v. Indus. Comm.*, 126 Ohio St.3d 37, 2010-Ohio-2451, 930 N.E.2d 295, ¶ 27. Accordingly, we defer to the commission's expertise in finding Oakwood to be the amenable employer.

**{¶ 15}** The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Stephen M. Klonowski, Law Director, and Christopher R. Fortunato, for appellant.

Michael DeWine, Attorney General, and Derrick L. Knapp, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Elizabeth Krieder Wright, for appellee Kokosing Construction Co., Inc.

_____