[Cite as *Cooper v. Bernath Village Condo Assn.*, 2017-Ohio-4335.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| M. Christopher Cooper, as Trustee for Trust Beneficiary, Faye Detray | Court of Appeals No. L-16-1201 |
| Appellant | Trial Court No. CI0200502151 |
| v. | |
| Bernath Village Condo Association, et al. | **DECISION AND JUDGMENT** |
| Appellee | Decided: June 16, 2017 |

* * * * *

C. William Bair and Fan Zhang, for appellant.

J. Mark Trimble and Stephen E. House, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a July 8, 2016 judgment of the Lucas County Court of Common Pleas, denying appellant's motion for declaratory judgment given the trial court's determination that appellant failed to demonstrate the prerequisite of a present

controversy in existence between the parties. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, M. Christopher Cooper, as trustee for the trust beneficiary Faye Detray, sets forth the following assignment of error:

THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S DECLARATORY JUDGMENT CLAIM FOR LACK OF A JUSTICIABLE CONTROVERSY, BECAUSE A REAL, PRESENT AND JUSTICIABLE CONTROVERSY EXISTS BETWEEN THE PARTIES ON EACH PARTY'S OBLIGATION[S] AND RIGHT[S] UNDER THE CONDOMINIUM DECLARATIONS AND BYLAWS, AND A SETTLEMENT ON PAST DAMAGES DOES NOT RESOLVE THE ISSUE AND DOES NOT PROVIDE THE PARTIES WITH INSTRUCTIONS ON HOW TO ACT IN THE UPCOMING WINTER SEASON.

{¶ 3} The following undisputed facts are relevant to this appeal. Appellant owns a unit in a Toledo area condominium complex. The water pipe serving appellant's unit was constructed in such a way that it runs through a portion of the ceiling of an adjacent unit prior to entering appellant's unit.

{¶ 4} In 2013, the adjacent unit through which the water pipe runs underwent foreclosure. Subsequently, the utilities in the foreclosed unit were disconnected. In 2014 and 2015, the portion of the water pipe running through the foreclosed unit froze, broke

2.

and caused damages. Following these past incidents of damages, appellant had the subject water pipe and the damages repaired.

{¶ 5} After appellant remediated these past damages, appellant sought reimbursement from the condo association. Based upon the parameters set forth in the governing condominium association declarations and bylaws, the association was not liable for these past incidents and declined to reimburse appellant. However, the association did advise appellant that he could seek recovery and reimbursement from the owner of the adjacent unit.

{¶ 6} On April 7, 2015, appellant filed the underlying litigation against the owner of the adjacent unit, the owner's successor mortgagee in the foreclosure action, the successor mortgagee's property management company, and the condo association.

{¶ 7} Approximately one year after filing suit, in April 2016, appellant settled all claims related to the above-described past damages arising from the water pipe. Accordingly, dismissals with prejudice were filed. At that juncture, the only claims against the association remaining were for declaratory judgment in connection to a claimed breach of fiduciary duty by the association.

{¶ 8} On April 8, 2016, appellant filed for summary judgment against the association. In the summary judgment filing, appellant sought a trial court ruling judicially proclaiming the association to be subject to certain duties and obligations not contained in the existing condo association declarations and bylaws.

{¶ 9} Most significantly, the filing sought a judicial determination that the association be deemed to have a prospective duty going forward to regularly inspect each of the individually owned condo units and to assume responsibility for any non-functional utilities.

{¶ 10} On April 18, 2016, the association filed a brief in opposition asserting that all of the damages underlying appellant's litigation were fully repaired and the parties had fully reimbursed appellant. As such, no remaining, present controversy was in existence to be adjudicated.

{¶ 11} In conjunction with this, the association further argued that appellant was improperly attempting to bypass the mandatory statutory process for the lawful amendment of condominium declarations and bylaws in Ohio by seeking judicially imposed new requirements and obligations not contained in the existing declarations and bylaws.

{¶ 12} R.C. 5311.08(B) establishes that no condo declaration or bylaw amendments are valid unless performed utilizing the delineated amendment procedure, which in the instant case requires a successful vote of not less than 75 percent of the unit owners voting in favor of an express, proposed amendment.

{¶ 13} On July 8, 2016, the trial court denied appellant's motion for summary judgment and dismissed appellant's request for a declaratory judgment modifying the association declarations and bylaws through a judicial ruling rather than through the governing amendment process set forth in the applicable statutes and the bylaws. The

4.

court held in pertinent part, "Cooper wants the Court to render an opinion * * * in the event of future situations similar to the one that gave rise to Cooper's lawsuit. The Court has no authority to issue an advisory opinion about possible future disputes." This appeal ensued.

{¶ 14} In the sole assignment of error, appellant maintains that the trial court erred in finding no underlying present, justiciable controversy between appellant and the association, resulting in the dismissal of appellant's declaratory judgment filing. We do not concur.

{¶ 15} It is well-settled that Ohio appellate courts review disputed trial court determinations regarding the justiciability of declaratory judgment actions pursuant to the abuse of discretion standard of review. *Arnott v. Arnott*, 132 Ohio St.3d 410, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 1. An abuse of discretion requires demonstrating more than a mere error of law or judgment. The disputed trial court action must be shown to be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 16} In addition, appellant filed the subject litigation pursuant to R.C. 5311, which governs condominium associations in Ohio. As specifically relevant to the underlying events, R.C. 5311.08(B) mandates that, "[N]o modification of or amendment to the bylaws is valid unless it is set forth in an amendment to the declarations and the amendment to the declarations is filed for the record." In this case, such an action would have required an affirmative vote by at least 75 percent of the association unit owners in

favor of the proposed additions to the duties and responsibilities of the association. None of this occurred in this case.

{¶ 17} The record reflects that all damages caused in connection to appellant's frozen pipe in 2014 and 2015 were repaired. The record reflects that all reimbursement claims connected to these damages have been settled in the course of the litigation. The record reflects that the associated dismissals with prejudice were filed.

{¶ 18} In conjunction with the above, the record further shows that the subject of the declaratory judgment sought by appellant would constitute judicial additions and amendments to the subject association declarations and bylaws. Such amendments are not valid unless done in conformity with R.C. 5311 and the associated bylaw mandating an affirmative vote of owners of at least 75 percent. Lastly, the record shows that the subject of the declaratory judgment sought by appellant constituted conjecture regarding future events which may or may not occur.

{¶ 19} Wherefore, we find that appellant has failed to demonstrate that the trial court dismissal of appellant's declaratory judgment filing was arbitrary, unreasonable or unconscionable. We find appellant's assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

Cooper, Trustee v. Bernath
Village Condo Assn.
C.A. No. L-16-1201

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                                 _____
                                                                                   JUDGE

Arlene Singer, J.

                                                                  _____
Thomas J. Osowik, J.                                                   JUDGE
CONCUR.

                                                                   _____
                                                                        JUDGE

7.