THE STATE EX REL. OHIO STATE UNIVERSITY HOSPITAL, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Ohio State Univ. Hosp. v. Indus. Comm.*, 118 Ohio St.3d 170, 2008-Ohio-1969.]

(No. 2007–0881—Submitted March 11, 2008—Decided April 30, 2008.)

Lanzinger, J.

{¶ 1} In this case, we affirm appellee Industrial Commission of Ohio's use of the "special circumstances" provision of R.C. 4123.61 to determine the calculation of appellee Melissa D. Burns's average weekly wage.

{¶ 2} After graduation in June 2003 from a program in radiology technology at Wheeling Hospital, Burns began working full time at the Ohio State University Hospital ("OSU") with a starting hourly wage of $16.45, approximately $660 per week. She injured her back at work on September 21, 2003. She applied for a workers' compensation benefit and was granted an average weekly wage of $124.36 by the Bureau of Workers' Compensation, which apparently used the standard calculation provided by R.C. 4123.61 and presumably divided Burns's prior year's income by 52 weeks.

{¶ 3} R.C. 4123.61 states: "[T]he claimant's * * * average weekly wage for the year preceding the injury * * * is the weekly wage upon which compensation shall be based. In ascertaining the average weekly wage for the year previous to the injury, * * * any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated."

{¶ 4} Burns moved to have her average weekly wage increased and submitted an affidavit that set forth her earnings for the 52 weeks before her injury. From September 21, 2002, through December 2002, she had had a part-time job with the local newspaper at $6.00 an hour while she recovered from an injury. In January 2003, she abandoned the work force and re-enrolled in school. Burns sought to either exclude some of the weeks and minimize the divisor or have an alternative formula used based on special circumstances.

{¶ 5} The bureau increased the average weekly wage to $229.76 in its 2005 order, again without showing actual mathematical calculations, but it appears that Burns's weeks of unemployment were excluded.

{¶ 6} Burns was still dissatisfied and objected, asserting that the figure was inconsistent with the purpose of the average weekly wage, which is "to 'find a fair basis for award for the loss of future compensation.'" *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 287, 551 N.E.2d 1265, quoting *Riley v. Indus. Comm.* (1983), 9 Ohio App.3d 71, 73, 9 OBR 90, 458 N.E.2d 428. Burns claimed that the bureau's figure did not reflect the amount of money she was losing by being unable to return to OSU after her September 21, 2003 injury. The commission agreed, and using the special-circumstances provision, arrived at

a figure that more closely approximated Burns's OSU earnings. A district hearing officer set her average weekly wage at $683.31:

{¶ 7} "This is the total that the claimant earned from the weeks ending 08/09/2003 to 09/20/2003 ($5,466.50) divided by the 8 weeks worked. The District Hearing Officer used this calculation because the claimant either was not working due to being in school or was working part-time due to an injury for the remainder of the year for her 09/21/2003 industrial injury."

{¶ 8} OSU appealed, but a staff hearing officer affirmed the decision of the district hearing officer:

{¶ 9} "Claimant testified that she was recruited by OSU in June 2000 for a job upon graduation from Wheeling Hospital's radiological technician program for a full-time position paying $16.45 per hour. Claimant further testified that due to an injury she had to interrupt her schooling in 09/2001 and took whatever work was available in the vicinity—and could only work part-time until she resumed her education, graduated, and moved to OSU to the job for which she had been recruited.

{¶ 10} "The Staff Hearing Officer finds such sequence of events to constitute special circumstances requiring an alternative means of setting the average weekly wage. The Staff Hearing Officer finds that the means used by the District Hearing Officer (taking into account only the claimant's earnings while employed by OSU) does the claimant substantial justice, and reflects most accurately the employer's anticipation of the extent of 'risk' assumed when hiring the claimant."

{¶ 11} Further appeal was refused.

{¶ 12} OSU initiated a mandamus action in the Court of Appeals for Franklin County. The court of appeals denied the writ, finding that the commission had properly invoked the special-circumstances clause of R.C. 4123.61: "In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation * * * shall use such method as will enable the administrator to do substantial justice to the claimants * * *."

{¶ 13} OSU now appeals to this court as a matter of right.

{¶ 14} OSU challenges the commission's orders because they do not expressly declare that the bureau's figure was substantially unjust. This claimed deficiency, according to OSU, warrants either a reinstatement of the bureau's figure or a return to the commission for further consideration and an amended order. We disagree.

{¶ 15} The bureau's figure is inconsistent with the purpose of the average weekly wage. Given the actual weekly loss Burns has suffered as a result of her

inability to return to OSU after her September 2003 injury, the commission did not abuse its discretion in finding that the bureau's figure did not do substantial justice. Both *State ex rel. Clark v. Indus. Comm.* (1994), 69 Ohio St.3d 563, 634 N.E.2d 1014, and *Riley* have endorsed the special-circumstances exception in analogous situations. As here, both cases involved injuries that quickly followed an entry into the workforce (or a re-entry after extended absence). In *Riley*, the claimant had been in the workforce for only three weeks prior to injury. The bureau had totaled those wages and divided them by the 52 weeks prior, for an average weekly wage of $10.92. The court of appeals in *Riley* found an abuse of discretion:

{¶ 16} "There were special circumstances involved since relator first became employed three weeks before his injury, and an unjust result was reached by considering only those three weeks. The three weeks were obviously an unjust barometer of relator's prospective future average wages that would be lost if he could not work." 9 Ohio App.3d at 73, 9 OBR 90, 458 N.E.2d 428.

{¶ 17} We affirmed the *Riley* position in *Clark* and are guided by that reasoning in this case. This was not Burns's first foray into the workforce, but it certainly appears to be her first time in the full-time workforce. This workforce entrance, moreover, followed a period of specialized education and training in a field with enhanced income and career potential. Burns's efforts were rewarded when she was hired by OSU Hospital. Under these circumstances, the average weekly wage set by the bureau using the standard calculation is not a just barometer of the weekly earnings that Burns has lost because of her industrial injury.

{¶ 18} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

———————————

Kegler, Brown, Hill & Ritter Co., L.P.A., Randall W. Mikes, and Katherine Connor Ferguson, for appellant.

Michael J. Muldoon, for appellee Melissa Burns.

Marc Dann, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission.