THE STATE EX REL. INTERNATIONAL TRUCK AND ENGINE CORPORATION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Internatl. Truck & Engine Corp. v. Indus. Comm.,* 119 Ohio St.3d 402, 2008-Ohio-4494.]

(No. 2007–1299—Submitted June 24, 2008—Decided September 11, 2008.)

Per Curiam.

{¶ 1} Appellee Industrial Commission of Ohio awarded temporary total disability compensation to appellee Ralph E. Jackson during his recuperation from surgery. Appellant, International Truck and Engine Corporation ("ITE"), challenges that decision.

{¶ 2} Jackson's workers' compensation claim had previously been allowed for several low back conditions. In 2004, he sought authorization for back surgery. Dr. David C. Randolph examined Jackson and concluded that Jackson was not an acceptable candidate for surgery.

{¶ 3} A staff hearing officer denied Jackson's request based on Dr. Randolph's report. That order became final. Several months later, Jackson requested authorization for the same surgery. That request was denied on August 9, 2005, by a staff hearing officer, who determined that "the requested extensive low back surgery and related services to that surgery are not necessary and reasonably related to the allowed industrial injury." That order too became final.

{¶ 4} Jackson elected to pursue the surgery. Jackson had his operation on November 17, 2005, with good results. Jackson then requested temporary total disability compensation for his postsurgical recovery period. Self-insured ITE objected, arguing that because the surgery had been disallowed, payment for any related expense was inappropriate. A district hearing officer awarded compensa-

tion nonetheless, finding that even though the surgery was disallowed, the procedure stemmed from the allowed conditions, making compensation payable. A staff hearing officer affirmed.

{¶ 5} ITE filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding compensation. ITE argued, among other things, that the August 9, 2005 staff hearing officer order that denied surgery stated that the surgery was not related to the allowed conditions. ITE asserted that the causal-relationship issue was thus res judicata, which barred the commission from later awarding compensation for the surgery based on a causal relationship to the allowed conditions.

{¶ 6} The court of appeals effectively acknowledged this point but then held that the August 9, 2005 final order was unsupported by the evidence. Although its reasoning is unclear, its reference to a "clear mistake of law or fact" suggested that the court of appeals was treating the orders that followed the August 9, 2005 order as having invoked the commission's continuing jurisdiction. The court of appeals thus upheld the temporary total disability award and the causal-relationship reasoning underlying it.

{¶ 7} ITE now appeals to this court as of right.

{¶ 8} In 2006, a district hearing officer awarded postsurgical temporary total disability compensation after concluding that the surgery was causally related to the allowed conditions. A year earlier, however, a staff hearing officer had denied authorization for that surgery because it was "not necessary and reasonably related to the allowed industrial injury"; that August 9, 2005 order became final. ITE accordingly argues that the issue of causal relationship was res judicata, and the commission was foreclosed from later finding a causal relationship to support a compensation award.

{¶ 9} Jackson asserts that the 2005 staff hearing officer's order did not deny a causal relationship but instead stated that the surgery did not meet the second requirement of the test set forth in *State ex rel. Miller v. Indus. Comm.* (1994), 71 Ohio St.3d 229, 232, 643 N.E.2d 113. This argument is unpersuasive.

{¶ 10} *Miller* endorsed a three-part test for authorization of medical services:

{¶ 11} "(1) [A]re the medical services 'reasonably related to the industrial injury, that is the allowed conditions'? (2) are the services 'reasonably necessary for treatment of the industrial injury'? and (3) is 'the cost of such service * * * medically reasonable'?" Id.

{¶ 12} The August 9, 2005 order gave two reasons for disallowing surgical authorization: (1) it was "not necessary" *and* (2) it was not "reasonably related to the allowed industrial injury." The former reason speaks to *Miller*'s second

prong, but the latter addresses the first. ITE is, therefore, correct in contending that the causal-relationship issue was res judicata.

{¶ 13} The commission recognizes that the issue of causal relationship was decided in the previous orders; otherwise there would be no reason for it to argue that it had continuing jurisdiction over the issue. Reliance on continuing jurisdiction is problematic, however, because it was never formally invoked. See *State ex rel. Gobich v. Indus. Comm.*, 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398. There is no order intermediate to the 2005 staff hearing officer and 2006 district hearing officer decisions that formally invoked the commission's continuing jurisdiction and vacated the 2005 declaration that no causal relationship existed.

{¶ 14} The commission persists, arguing that the district hearing officer's refusal to abide by the staff hearing officer's earlier decision constituted an "informal" exercise of continuing jurisdiction that is permissible under R.C. 4123.10. This contention is meritless. R.C. 4123.52, not R.C. 4123.10, governs continuing jurisdiction. R.C. 4123.10 deals exclusively with the inapplicability of Ohio Rules of Evidence and Civil Procedure to workers' compensation proceedings, and is irrelevant to this issue.

{¶ 15} We have, moreover, responded over the last decade to abuses of discretion by the commission in invoking continuing jurisdiction. There are now strict requirements on what a continuing jurisdiction order must state. These cases render an informal invocation of continuing jurisdiction impossible.

{¶ 16} There are five bases for invoking continuing jurisdiction. *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 692 N.E.2d 188. Any commission order seeking to exercise continuing jurisdiction must clearly state which of the five bases it is relying on. Id. at 459, 692 N.E.2d 188; *State ex rel. Foster v. Indus. Comm.* (1999), 85 Ohio St.3d 320, 322, 707 N.E.2d 1122. The reason for the exercise of continuing jurisdiction must be articulated contemporaneously with the exercise of continuing jurisdiction, not belatedly. *State ex rel. Royal v. Indus. Comm.* (2002), 95 Ohio St.3d 97, 100, 766 N.E.2d 135. An incomplete continuing jurisdiction order cannot be rehabilitated by a subsequent order. Id. *Gobich* described these three cases as "uncompromising in their demand that the basis for continuing jurisdiction be clearly articulated." 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398, ¶ 18. This rule destroys any assertion that an informal or silent invocation of continuing jurisdiction can occur. Therefore, the finding of no causal relationship was res judicata in this case, and the commission abused its discretion in later finding that a causal relationship existed between the surgery and the allowed conditions.

{¶ 17} The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., and O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

———————

LUNDBERG STRATTON, J., dissenting.

{¶ 18} I respectfully dissent and would affirm the judgment of the court of appeals. I believe that the claimant is entitled to temporary total disability compensation because his back surgery resulted in a functional change in his medical condition that again caused temporary and total disability ("TTD"). The surgery was related to his allowed back condition and constituted a new and changed circumstance that warranted reinstatement of TTD compensation during his recuperation.

{¶ 19} In 2004 and again in 2005, the commission denied the claimant's request to authorize payment for back surgery. Physicians disagreed over the appropriate treatment for him—surgery versus more conservative options of therapy and medication—and those doctors disagreeing with surgery did so primarily because they believed that his risk factors (age, weight, and smoking) outweighed the potential for its success. Thus, the commission denied his requests "not on the basis of a lack of connection between the allowed conditions and the proposed treatment, but merely based upon other contraindications."

{¶ 20} Nevertheless, the claimant proceeded with the surgery at his own expense, and it was successful at reducing his back pain. This constituted a functional change in his medical condition that was temporary. The fact that the commission previously refused to authorize payment for the surgery should not be determinative of the TTD issue. Although the commission terminated the claimant's TTD compensation when he reached maximum medical improvement, his condition changed postsurgery. New and changed circumstances related to his allowed conditions again temporarily disabled him.

{¶ 21} The commission awarded TTD compensation based on medical evidence submitted by relator's treating physician that his current period of disability was related to his allowed conditions. I do not believe that the commission abused its discretion when it resumed TTD compensation from the date of his surgery until he was able to return to work.

{¶ 22} Despite the commission's refusal to pay for the recommended surgery, the claimant exercised his right to follow his treating physician's advice. It improved his condition. Now a majority of this court has determined that he is not entitled to TTD compensation during the period of recuperation for the successful procedure because the commission had refused to authorize the procedure in the first place. I believe this defeats the purpose of TTD compensa-

tion and is counterproductive to the goal of returning the injured worker to his former position of employment.

{¶ 23} Consequently, I respectfully dissent.

PFEIFER, J., concurs in the foregoing opinion.

———

Vorys, Sater, Seymour & Pease, L.L.P., and Robert E. Tait, for appellant.

Connor Behal, L.L.P., Daniel D. Connor, Kenneth S. Hafenstein, Lori M. DiRenzo, and Katie L. Woessner, for appellee Ralph Jackson.

Nancy Hardin Rogers, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee Industrial Commission.