[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tantarelli v. Decapua Ents., Inc.,* Slip Opinion No. 2019-Ohio-517.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-517

THE STATE EX REL. TANTARELLI, APPELLANT, *v.* DECAPUA ENTERPRISES, INC., ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tantarelli v. Decapua Ents., Inc.,* Slip Opinion No. 2019-Ohio-517.]**

*Workers' compensation—R.C. 4123.61—Calculation of average weekly wage—Industrial Commission did not abuse discretion in concluding res judicata barred claimant's motion to recalculate average weekly wage—court of appeals' judgment denying writ of mandamus affirmed.*

(No. 2017-0922—Submitted January 8, 2019—Decided February 14, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 16AP-700, 2017-Ohio-5603.

_____

**Per Curiam.**

## I. INTRODUCTION

{¶ 1} This workers' compensation case involves the calculation of appellant Anthony Tantarelli's average weekly wage ("AWW"). Tantarelli twice moved appellee Industrial Commission to dispense with the standard statutory formula and to instead calculate his AWW using a method that would do him "substantial justice," as R.C. 4123.61 permits in cases of "special circumstances." The commission denied the first motion on the merits and the second on grounds of res judicata as well as on the merits. Based solely on its agreement that Tantarelli had not established special circumstances, the Tenth District Court of Appeals denied Tantarelli's petition for a writ of mandamus. He now asks this court to reverse that judgment. We affirm the denial of the writ, but we do so on the basis of res judicata.

## II. FACTS AND PROCEDURAL HISTORY

### A. *Tantarelli's Employment and Injury*

{¶ 2} Appellee Decapua Enterprises, Inc. ("Decapua"), hired Tantarelli through a temporary agency in July 2013. Tantarelli was injured while working for Decapua less than a month later. His workers' compensation claim was allowed for injuries to his hip, hand, rotator cuff, neck, wrist, and shoulder.

### B. *Tantarelli's AWW*

{¶ 3} Under R.C. 4123.61, the basis upon which to compute workers' compensation benefits is the "average weekly wage of [the] injured employee at the time of the injury." R.C. 4123.61 refers to the AWW "for the year previous to the injury." The standard calculation to determine AWW is to divide by 52 weeks the worker's income from the year preceding the date of injury. *See State ex rel. Ohio State Univ. Hosp. v. Indus. Comm.*, 118 Ohio St.3d 170, 2008-Ohio-1969, 887 N.E.2d 325, ¶ 2. Using this formula, Decapua, a self-insured employer, divided by 52 weeks the wages that Tantarelli earned between his July 2013 start date and his August 2013 injury and set Tantarelli's AWW at $22.26.

**{¶ 4}** R.C. 4123.61 provides that "any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated" from the number of weeks by which the previous year's salary is divided. It further provides,

> In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the average weekly wage in such cases, shall use such method as will enable the administrator to do substantial justice to the claimants * * *.

R.C. 4123.61.

### C.  Tantarelli's 2014 Motion

**{¶ 5}** In February 2014, Tantarelli filed a motion asking the commission to divide his previous year's wages by the 3 weeks he had worked for Decapua, rather than by 52 weeks, and set his AWW at $416.58. In an accompanying affidavit, Tantarelli swore that during the period beginning one year before his injury and ending in July 2013—when he started working at Decapua—he was "unemployed but actively seeking employment."

**{¶ 6}** A district hearing officer ("DHO") for the commission denied the motion. The DHO noted that Tantarelli "could only identify three potential employers that he contacted during the alleged 49 week unemployment period and no historical wage information was submitted to the file." The DHO concluded that Tantarelli had "failed to submit sufficient credible evidence to exclude 49 weeks from the standard formula or support an alternative calculation."

**{¶ 7}** Tantarelli appealed the DHO's order, and a staff hearing officer ("SHO") affirmed it in October 2014. The SHO first noted Tantarelli's testimony

that prior to his stint at Decapua, he last had regular employment in 2008, when he worked as a self-employed tow-truck operator. The SHO then found that Tantarelli's sworn statement that he had been unemployed but actively seeking employment in the 49 weeks preceding his employment with Decapua remained "undocumented and substantially unsupported," as evidenced by the fact that Tantarelli could only identify three potential employers he contacted during that time. In addition, the statement was contradicted by Tantarelli's own sworn hearing testimony that during those 49 weeks, he had engaged in some "miscellaneous" work, including buying cars and selling car parts and hauling items to scrap yards. The SHO noted that Tantarelli failed to provide any documentation of his earnings for those activities and admitted at the hearing that he had not filed a tax return showing that income. Based on these facts, the SHO concluded that Tantarelli had "failed to establish the existence of special circumstances which would justify the use of an alternate calculation to the standard 52 week divisor used in determining an average weekly wage." The commission refused Tantarelli's appeal of the SHO's order in November 2014.

### D. Tantarelli's 2016 Motion

{¶ 8} In January 2016, Tantarelli filed a new motion asserting that his AWW does not provide substantial justice and asking the commission to reset it pursuant to R.C. 4123.61. A DHO denied the motion, finding that Tantarelli had not presented new evidence of special circumstances that would warrant an increase in his AWW.

{¶ 9} Tantarelli appealed the DHO's order, and an SHO affirmed it in July 2016. At the hearing before the SHO, Tantarelli asked that his AWW be set at $320. Tantarelli's argument to the SHO focused in part on his preinjury earnings and employment history and in part on his postinjury earnings. He argued that he had made more money during the 27 years that he had operated his own business—which folded in 2002—than he made during the year preceding his 2013 injury. He

also argued that he had made more money after his injury. In 2014, he made over $12,000, as documented by an Internal Revenue Service miscellaneous-income form ("form 1099-MISC"). He claimed that he had made approximately $39,000 in 2015, as shown by copies of checks from K & K Towing and Recovery, which Tantarelli claimed had paid him by the job for towing vehicles. The SHO noted, however, that Tantarelli had not submitted a form 1099-MISC reflecting that 2015 income, and the SHO found that it was unclear whether Tantarelli had reported those earnings for tax purposes.

{¶ 10} The SHO found that the 2014 SHO order had already specifically determined that special circumstances justifying an alternative AWW calculation did not exist. The SHO therefore concluded that "the issue of resetting the [AWW] due to special circumstances is res judicata." Despite this, the SHO considered Tantarelli's evidence, noting that the record contained no information about the wages Tantarelli had earned from his own business, which were, in any event, "remote in time (in 2002)," and contained insufficient documentation of Tantarelli's wages in 2015. The SHO concluded that Tantarelli had failed to provide sufficient documentation of special circumstances meriting an alternative AWW calculation. The commission refused Tantarelli's appeal of the SHO's order in August 2016.

### E. Tantarelli's Mandamus Action

{¶ 11} In October 2016, Tantarelli filed his mandamus complaint asking the Tenth District to vacate the commission's order. A Tenth District magistrate recommended that the court deny the writ. 2017-Ohio-5603, ¶ 2. The Tenth District overruled Tantarelli's objections and adopted the magistrate's decision. *Id*. at ¶ 10. Though the parties had briefed the issue of res judicata, neither the magistrate's decision nor the Tenth District's opinion analyzed it. The Tenth District's decision was based solely on Tantarelli's failure to establish special

circumstances justifying deviation from the standard AWW formula. *Id*. at ¶ 7-9. Tantarelli filed a timely appeal.

### III. ANALYSIS

#### A. *Mandamus Standard*

{¶ 12} To be entitled to a writ of mandamus, Tantarelli must show that the commission abused its discretion when it denied his request to recalculate his AWW on the basis of special circumstances. *See, e.g.*, *State ex rel. FedEx Ground Package Sys., Inc. v. Indus. Comm.*, 126 Ohio St.3d 37, 2010-Ohio-2451, 930 N.E.2d 295, ¶ 5, 27. He must make this showing by clear and convincing evidence. *State ex rel. Baker v. Indus. Comm.*, 143 Ohio St.3d 56, 2015-Ohio-1191, 34 N.E.3d 104, ¶ 12.

#### B. *Res Judicata Barred Tantarelli's 2016 Motion*

{¶ 13} Although the parties briefed the issue of res judicata below, the Tenth District did not substantively address it. We find it to be the dispositive issue.

{¶ 14} Res judicata precludes " 'the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.' " *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651, 687 N.E.2d 768 (1998), quoting *Consumers' Counsel v. Pub. Util. Comm.*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985). The principle applies to proceedings before the commission: a prior final order by the commission can become res judicata in future proceedings before the commission. *See id*. However, R.C. 4123.52's grant to the commission of continuing jurisdiction over the cases before it limits the application of res judicata in commission cases. *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.*, 58 Ohio St.3d 199, 200, 569 N.E.2d 496 (1991).

{¶ 15} Under R.C. 4123.52(A), "[t]he jurisdiction of the industrial commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect

6

thereto, as, in its opinion is justified." However, this continuing jurisdiction is itself limited and may be invoked only when there is evidence of "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal." *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 458-459, 692 N.E.2d 188 (1998).

**{¶ 16}** "Any commission order seeking to exercise continuing jurisdiction must clearly state which of the five bases it is relying on." *State ex rel. Internatl. Truck & Engine Corp. v. Indus. Comm.*, 119 Ohio St.3d 402, 2008-Ohio-4494, 894 N.E.2d 1200, ¶ 16. The commission must both identify and explain the prerequisite on which it relies. *State ex rel. Gobich v. Indus. Comm.*, 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398, ¶ 15. This requirement is "uncompromising," *id*. at ¶ 18, and "destroys any assertion that an informal or silent invocation of continuing jurisdiction can occur," *Internatl. Truck* at ¶ 16.

**{¶ 17}** Tantarelli's 2014 motion asked the commission to set his AWW at $416.58 by dividing his three weeks of earnings from Decapua by the three weeks he worked there instead of by the standard 52 weeks. Under R.C. 4123.61, the only possible bases for doing this were "unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control," or "special circumstances under which the [AWW] cannot justly be determined by applying this section." We find that Tantarelli's motion, which did not specify on which of these bases he relied, placed all of them at issue. *See Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990) ("The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it").

**{¶ 18}** The commission's 2014 order considered Tantarelli's evidence about his earnings and work history and expressly determined that he had "failed to establish the existence of 'special circumstances' as provided for in Revised Code 4123.61." We therefore hold that the commission did not abuse its discretion

when it concluded in the 2016 order that the issue of special circumstances was decided in the 2014 order and was therefore res judicata.

### C. The Commission's Continuing Jurisdiction Was Not Invoked

{¶ 19} We do not reach the question whether Tantarelli demonstrated special circumstances under R.C. 4123.61. Although the 2014 order resolved the special circumstances issue, Tantarelli's 2016 motion did not seek to invoke the commission's continuing jurisdiction under R.C. 4123.52, and the commission's 2016 order did not identify or explain any of the five bases for exercising continuing jurisdiction. Therefore, the commission's continuing jurisdiction over the "special circumstances" issue was not invoked. *See Internatl. Truck*, 119 Ohio St.3d 402, 2008-Ohio-4494, 894 N.E.2d 1200, at ¶ 16; *Gobich*, 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398, at ¶ 15.

## IV. CONCLUSION

{¶ 20} Because the commission did not abuse its discretion by concluding that res judicata barred Tantarelli's motion to recalculate his AWW, we affirm the Tenth District's judgment denying Tantarelli's petition for a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

––––––––––––––––

Jurus Law Office and Michael J. Muldoon, for appellant.

M. Soto Law Office, L.L.C., and Michael Soto, for appellee Decapua Enterprises, Inc.

Dave Yost, Attorney General, and Natalie J. Tackett, Assistant Attorney General, for appellee Industrial Commission.

––––––––––––––––