[Cite as *Manning v. FCA US, L.L.C.*, 2020-Ohio-706.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Gary D. Manning

    Appellant

v.

FCA US, LLC and Sarah D. Morrison,
Administrator, Bureau of Workers'
Compensation

    Appellee

Court of Appeals No. L-19-1144

Trial Court No. CI0201802712

**DECISION AND JUDGMENT**

Decided:  February 28, 2020

* * * * *

Thomas G. Schlageter, for appellant.

Carrie L. Urrutia and William D. Holt, for appellee FCA US, LLC.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Gary D. Manning, appeals from the June 20, 2019 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, FCA US, LLC, hereinafter "FCA."  For the reasons which follow, we affirm. On appeal, Manning presents two assignments of error:

1. Because the Industrial Commission of Ohio never previously addressed the injured worker's request for an additional claim allowance based on a flow-through theory of causation the doctrine of *res judicata* does not apply.

2. A mandamus action is the proper way to challenge the Industrial Commission's exercise of its continuing jurisdiction.

{¶ 2} Manning was injured at work on February 10, 2015, and an Ohio Bureau of Workers' Compensation ("BWC") claim was allowed for a lumbar sprain/strain and left lateral herniated disc L4-5 on a substantial aggravation basis. On April 4, 2016, Manning had surgery for the allowed claim. Manning asserts that in May 2016, he experienced increased low back pain during post-surgery therapy and his doctor determined the L3-4 disc had collapsed. On August 9, 2016, Manning filed a motion to additionally allow a claim for a "herniated disc at L3-4." Attached to the motion was the July 27, 2016 chart note of his doctor and MRI reports from 2014, 2015, and June 2016.

{¶ 3} The Ohio Industrial Commission ("IC") district hearing officer ("DHO") disallowed the claim on December 10, 2016. The DHO found Manning's "herniated disc L3-4" was the result of a degenerative process based on the "the more persuasive" November 16, 2016 report of Dr. Purewal, who opined, based on a 2015 MRI, that Manning did not sustain a herniated disc at L3-4 as a direct and proximate or substantial aggravation basis of the original injury. Manning appealed this decision to the IC staff hearing officer ("SHO").

2.

{¶ 4} On January 28, 2017, the SHO affirmed and modified the order of the DHO. The SHO added the motion was disallowed "on the direct and proximate and substantial aggravation basis" pursuant to IC Memo S11.[1] The SHO based her decision on the same

_____

[1] The SHO stated Memo S11 provided:

> If there is evidence on file or presented at hearing to support the theories of direct causation, aggravation (date of injury or disability prior to August 25, 2006)/substantial aggravation (date of injury or disability on or after August 25, 2006), a request to allow a condition in a claim is to be broadly construed to cover either theory of causation (i.e. direct aggravation/substantial aggravation). The Hearing Officer <u>shall</u> address the origin of the condition under <u>both</u> theories of causation without referring the claim back to the prior hearing level or the Bureau of Workers' Compensation.

Memo S11 now provides:

> If there is evidence on file or presented at hearing to support the theories of direct causation, aggravation (date of injury or disability prior to August 25, 2006)/substantial aggravation (date of injury or disability on or after August 25, 2006), or flow-through, a request to allow a condition in a claim is to be broadly construed to cover those theories of causation. The hearing officer shall address the origin of the condition under those alleged theories of causation without referring the claim back to the prior hearing level or the Bureau of Workers' Compensation. Where a new theory, not formerly requested, is raised at hearing or where new evidence regarding an alternative theory of causation is submitted by any party, hearing officers and/or hearing administrators shall ensure that all parties are given adequate opportunity to obtain evidence in support of their position by continuing the hearing for a period of at least 30 days, unless the parties agree that less time is sufficient for obtaining the necessary evidence. The hearing officers and/or hearing administrators shall state in their order or compliance letter the period of time allotted to obtain the necessary evidence.
> NOTE: Ohio Adm.Code 4121-3-09(A)(1)(b).

3.

2016 report of Dr. Purewal. Manning did not appeal this decision to the court of common pleas.

{¶ 5} On January 5, 2018, Manning moved for an additional allowed claim "on a flow-through basis" for the specific injury of a "disc protrusion, disc herniation, and central canal stenosis at L3-L4." Additional medical treatment records relating to Manning's operation and aftercare were attached to the motion. This second motion did not seek reconsideration of the prior order rejecting an allowance for an additional claim of "herniated disc at L3-4." Instead, it was a claim for an additional allowance based on a different theory of causation to connect the injury to the original industrial injury.

{¶ 6} In a March 22, 2018 order, the DHO disallowed the second motion on the ground that the "conditions at the L3-L4 level pre-existed the industrial injury and were not substantially aggravated. As the conditions pre-existed the industrial injury, the injuries were not allowable on a flow-through basis." The DHO based her decision on the updated 2018 report of Dr. Purewal. Manning appealed. FCA opposed the appeal on the basis that the doctrine of res judicata precluded consideration of this motion because this theory of causation could have been litigated within the first motion filed on August 10, 2016.

{¶ 7} In a May 15, 2018 order, the SHO addressed the FCA res judicata argument. The SHO found the SHO's order of January 20, 2017, specifically noted the "flow-through theory of causation was not addressed" with respect to the first motion for an additional allowance and, therefore, the second motion was not barred because it related

4.

to a "subsequent specific event which occurred in physical therapy in May of 2016." After reviewing the evidence of an updated report of Dr. Purewal, dated February 21, 2018, which was based on his examination of Manning post-surgery, and the treatment records of Manning's doctor, the SHO allowed the condition on a flow-through theory of causation.

{¶ 8} FCA appealed the May 15, 2018 order to the IC which refused the appeal. Thereafter, FCA appealed the decision to the Lucas County Court of Common Pleas. FCA moved for summary judgment arguing the second motion for an allowed claim of disc protrusion/herniation at L3-4 was barred under the doctrine of res judicata because the IC had previously denied the claim. Manning argued res judicata was not applicable because the theory of causation was different in the second motion.

{¶ 9} In its May 16, 2019 judgment, the trial court granted summary judgment to FCA relying upon our decision in *Brown v. Sheller Globe City Auto Stamping Co.*, 6th Dist. Lucas No. L-98-1234, 1998 WL 880236 (Dec. 18, 1998). In *Brown*, we considered whether the IC properly rejected, on res judicata grounds, a second motion to reactivate a claim based on new medical evidence of an additional condition. *Id*. at *1. The IC denied the first motion to reactivate a workers' compensation claim due to "degenerative arthritis" on the ground there was insufficient medical evidence to establish the condition was related to the original industrial injury to the claimant's left elbow. *Id*. That decision was not appealed. *Id*. We agreed with the IC that a second motion to reactivate the claim

5.

for the condition of "left elbow degenerative joint disease" and "osteoarthritis" was barred on res judicata grounds because the two claims involved the same condition. *Id.* at *2.

{¶ 10} In the case before us, the trial court applied the reasoning of *Brown* and initially found the conditions asserted in the two motions were not entirely the same and, therefore, found res judicata did not bar the second motion entirely. However, on reconsideration, the trial court concluded, in its June 20, 2019 judgment, that there was no genuine issue of material fact and that "herniated disc at L3-4" and "disc protrusion, disc herniation, and central canal stenosis at L3-L4" are a single condition. Therefore, the court found res judicata barred adjudication of the second motion for allowance of the same condition. Manning appeals.

{¶ 11} We address the assignments of error out of order to address appellant's second assignment of error first. In his second assignment of error, appellant argues appellee must challenge the exercise of the IC's continuing jurisdiction in a mandamus action filed in the appellate court. Appellant relies on *State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm. of Ohio*, 154 Ohio St.3d 488, 2018-Ohio-2122, 116 N.E.3d 102. In *Belle Tire*, the Ohio Supreme Court held that when an issue is raised which relates to the exercise of the continuing jurisdiction of the IC, rather than the factual issue of a right to participate, the issue must be raised in a mandamus action rather than in an appeal under R.C. 4123.512. *Id.* at ¶ 24-25.

6.

{¶ 12} "Flow-through" or residual injuries are conditions arising in a different part of the body as a proximate result of the previously allowed injury or condition. *Holbrook v. OhioHealth Corp.*, 10th Dist. Franklin No. 14AP-507, 2015-Ohio-2354, ¶ 29; *Kirkwood v. Neptune World Wide Movers*, 9th Dist. Medina No. 1837, 1990 WL 34842, *2 (Mar. 28, 1990). Flow-through injuries are considered under the continuing jurisdiction of the IC pursuant to R.C. 4123.52. R.C. 4123.84(C); *Specht v. BP Am. Inc.*, 86 Ohio St.3d 29, 711 N.E.2d 225 (1999), syllabus. Furthermore, the allowance of a flow-through/residual condition impacts the right to participate and a challenge to the IC order must be made in an appeal to the common pleas court. *State ex rel. Bond v. Velotta Co.*, 91 Ohio St.3d 418, 419, 746 N.E.2d 1071 (2001).

{¶ 13} Under Ohio's workers' compensation system, judicial review is limited to three types of proceedings: direct appeal to the common pleas court, R.C. 4123.512; an original action for a writ of mandamus, R.C. Chapter 2731; or a declaratory judgment, R.C. Chapter 2721. *Clendenin v. Girl Scouts of W. Ohio*, 150 Ohio St.3d 300, 2017-Ohio-2830, 81 N.E.3d 438, ¶ 9, citing *Felty v. AT & T Technologies, Inc.*, 65 Ohio St.3d 234, 237, 602 N.E.2d 1141 (1992). Failure to seek the appropriate review precludes the court from finding it has subject-matter jurisdiction, which would require that the court dismiss the case. *Id.*

{¶ 14} Pursuant to R.C. 4123.512, "[t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the

7.

extent of disability to the court of common pleas * * *." The Ohio Supreme Court has strictly interpreted this provision and limited the jurisdiction of the common pleas court to reviewing the grant or denial of the right to participate or continue to participate in the workers' compensation fund for the original injury/condition and any allowance for an additional condition. *Clendenin* at ¶ 11, citing *Felty* at 238.

{¶ 15} However, an original action must be filed to challenge the exercise of the continuing jurisdiction of the IC under R.C. 4123.52 to grant or deny a motion to reconsider a former ruling due to changed circumstances, fraud, newly discovered evidence, or some other valid criteria, *Benton v. Hamilton Cty. Educ. Serv. Ctr.*, 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778, ¶ 6, 17.

{¶ 16} In this case, the first motion requested the claim be additionally allowed for a herniated disc at L3-4, which was denied and never appealed. The second motion requested the claim be additionally allowed "on a flow-through basis" for a disc protrusion, disc herniation, and central canal stenosis at L3-L4, which was granted. Therefore, a challenge was made to whether an additional condition could be added to the claim pursuant to the continuing jurisdiction of the IC, not whether the IC abused its discretion in considering the motion. Therefore, an appeal to the trial court was the appropriate review process. Accordingly, we find appellant's second assignment of error not well-taken.

{¶ 17} Having found this appeal is properly before us, we now address the merits of appellant's first assignment of error. In his first assignment of error, appellant argues

8.

the trial court erred by applying the doctrine of res judicata because the hearing officers determining the first motion never addressed a flow-through theory of causation. Manning asserts the issues presented in the two motions were substantially different because of the different theories of causation specifically noted by the SHO.

{¶ 18} On appeal, we review both the application of the doctrine of res judicata and the granting of summary judgment de novo. *Holbrook*, 10th Dist. Franklin No. 14AP-507, 2015-Ohio-2354, at ¶ 13 (res judicata); *City of Dayton v. State*, 2017-Ohio-6909, 87 N.E.3d 176, ¶ 12 (summary judgment). "Res judicata" incorporates both the concepts of "claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). The doctrine requires that a party must "present every ground for relief in the first action, or be forever barred from asserting it." *Id.* at 382, quoting *Rogers v. Whitehall,* 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986). *See also Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). *Accord Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000) ("[w]hether the original claim explored all the possible theories of relief is not relevant.").

{¶ 19} Generally, the doctrine of res judicata applies to administrative proceedings before the IC. *Tantarelli v. Decapua Ents., Inc.*, 156 Ohio St.3d 258, 2019-Ohio-517, 125 N.E.3d 850, ¶ 14. In a workers' compensation action, a party asserting that res judicata bars an action must establish that: the claimant has asserted a second "identical

9.

workers' compensation claim[]" which "the parties * * * had ample opportunity to litigate" in a prior proceeding; the issue was "conclusively decided in a valid, final judgment on the merits," and no appeal was taken from the first decision. *Marinkovic v. Diversified Inventory Solution, Inc.*, 147 Ohio App.3d 497, 2002-Ohio-453, 771 N.E.2d 291, ¶ 8 (9th Dist.), citing *State ex rel. Kroger Co. v. Indus. Comm. of Ohio*, 80 Ohio St.3d 649, 687 N.E.2d 768 (1998) (other citations omitted).

{¶ 20} However, res judicata does not bar consideration of an additional flow-through or residual injury because it does not "arise from the same nucleus of operative facts" as the initial claim. *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 10; *Jacobs v. Teledyne, Inc.*, 39 Ohio St.3d 168, 171, 529 N.E.2d 1255 (1988), quoting *State ex rel. Westchester Estates, Inc.*, 61 Ohio St.2d 42, 45, 399 N.E.2d 81 (1980) (the doctrine of res judicata will not bar litigation when "a change in the facts * * * raises a new material issue"). Furthermore, res judicata does not bar the IC from exercising its continuing jurisdiction under R.C. 4123.52 because the General Assembly specifically provided that the IC can modify its prior final order under one of the specific circumstances permitted under the statute. *Tantarelli*.

{¶ 21} Manning argues our holding in *Brown v. Sheller Globe City Auto Stamping Co.*, 6th Dist. Lucas No. L-98-1234, 1998 WL 880236 (Dec. 18, 1998) is not directly on point. The *Brown* case dealt with two motions to reactivate a claim so the facts in that case are distinguishable. However, other cases have addressed the identical issue presented in this case and hold a second motion for allowance of an additional claim is

10.

barred under the doctrine of res judicata where the claimant failed to appeal from the denial of the first motion asserting the same condition but a different theory of causation. *Henderson v. Canton City Schools*, 5th Dist. Stark No. 2018CA00073, 2019-Ohio-610, ¶ 21-28; *Holbrook*, 10th Dist. Franklin No. 14AP-507, 2015-Ohio-2354, at ¶ 29-31; *Robinson v. AT&T Network Systems*, 10th Dist. Franklin No. 02AP-807, 2003-Ohio-1513, ¶ 17-18; *Kirkwood*, 9th Dist. Medina No. 1837, 1990 WL 34842, at *2. The same issue is presented in both motions regardless of the theories of causation—whether the subsequent injury is related to the original industrial injury. *Compare Starkey v. Builders FirstSource Ohio Valley, L.L.C.*, 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, ¶ 14-18 and *Ward* at ¶ 14 (which hold that a new theory of causation can be raised on appeal because the issue of whether the condition should be allowed is the same).

{¶ 22} Manning argues, however, that this case is distinguishable because the IC specifically limited its rulings as to each motion based on the different theories of causation pursuant to IC Memo S11. At the time of the IC rulings in this case, the memo stated: "If there is evidence * * * to support the theories of direct causation, aggravation, * * * substantial aggravation, a request to allow a condition in a claim is to be broadly construed to cover either theory of causation. The Hearing Officer <u>shall</u> address the origin of the condition under <u>both</u> theories of causation without referring the claim back to the prior hearing level or the Bureau of Workers' Compensation." This memo has been amended to cover the flow-through theory of causation as well.

11.

{¶ 23} We find the purpose of this directive is to have a hearing officer consider any theory of causation when it is raised at any stage of the administrative proceedings rather than remanding the motion back to the prior hearing level or BWC. The memo has no bearing on the issue of whether the doctrine of res judicata requires that all theories of causation must be presented in a single amended allowance claim.

{¶ 24} We conclude, therefore, that the trial court properly found res judicata would bar Manning's second motion requesting the IC to modify his claim to add an injury on a flow-through/residual basis after the IC had already denied a prior motion to amend the claim regarding the same injury but based on theories of direct and proximate or substantial aggravation basis. Manning's first assignment of error is not well-taken.

{¶ 25} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.