[Cite as *Alessio v. United Airlines, Inc.*, 2022-Ohio-4510.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHRISTINA ALESSIO,                              :

    Plaintiff-Appellant,                  :

    v.                                              :                   No. 111449

UNITED AIRLINES, INC., ET AL.,             :

    Defendants-Appellees.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  December 15, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-949578

---

### *Appearances:*

Christina Alessio, *pro se.*

Eastman & Smith, Ltd., Mark A. Shaw, and Melissa A. Ebel, *for appellee* United Airlines, Inc.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Appellant, Christina Alessio ("Alessio"), pro se, appeals the judgment entry of the Cuyahoga County Court of Common Pleas that granted summary judgment to appellee, United Airlines, Inc. ("United Airlines").  Because appellant's claims are barred by res judicata, we affirm the judgment of the trial court.

## I.    Procedural and Factual History

{¶ 2}   On July 7, 2021, Alessio, acting pro se, appealed to the court of common pleas from orders of a staff hearing officer for the Ohio Industrial Commission ("the commission") that denied her claim Nos. 20-194183, 20-194185, and 20-194187 and from which the commission refused to hear an appeal. The staff hearing officer determined each of those claims was barred because the allegation raised had been previously adjudicated in claim No. 19-202076, for which all administrative remedies were exhausted.

### A. The Commission Decisions on Claim Nos. 20-194183, 20-194185, and 20-194187

{¶ 3}   For each of claim Nos. 20-194183, 20-194185, and 20-194187, Alessio filed a "First Report of an Injury, Occupational Disease or Death" ("FROI-1") form with the Ohio Bureau of Workers' Compensation ("BWC") with a signature date of October 1, 2020, which alleged she sustained "inflammation/swelling to both hands and wrists" as result of "chemical exposure in aircraft cabin" while working as a flight attendant for United Airlines. Each form alleged a specific date of injury including October 6, 7, and 8, 2019, respectively. In orders issued on March 11, 2021, a district hearing officer denied each claim "based upon the doctrine of res judicata" upon finding each claim had been previously contested and "involves the same parties and the same facts, circumstances, and subject matter as the previously filed [BWC] Claim No. 19-202076[,]" which had been decided on the merits following prior hearings that were held.

{¶ 4} On April 22, 2021, a staff hearing officer issued orders that affirmed the denial of claim Nos. 20-194183, 20-194185, and 20-194187. The staff hearing officer observed that the earlier claim No. 19-202076 alleged a harmful exposure/inhalation of sprayed "jet scent" chemical liquid air freshener in the course of her employment as a flight attendant with United Airlines over the time frame October 5, 2019, through October 8, 2019, and that the current claims allege the same exposure to chemicals during a specific day included within the time frame previously addressed by the commission. As to each of the current claims, the staff hearing officer found in part that "the allegation in this claim has previously been ruled on in Claim 19-202076," "the Claimant has exhausted all administrative remedies in Claim 19-202076," and "the subject matter and allegations in that former claim are the same as the subject matter and allegations in this docketed claim * * *." The staff hearing officer determined claim Nos. 20-194183, 20-194185, and 20-194187 were barred and denied the claims. The Ohio Industrial Commission refused to hear an appeal from the staff hearing officer's orders. Alessio then appealed to the court of common pleas pursuant to R.C. 4123.512(A).

**B. The Commission Decision on Prior Claim No. 19-202076**

{¶ 5} The previously filed claim No. 19-202076 was denied by a district hearing officer in an order issued on November 3, 2020, and that order was affirmed by a staff hearing officer in an order issued on January 27, 2021. The staff hearing officer's order for claim No. 19-202076 noted that "the Claimant had amended the application to allege a cumulative trauma injury occurring over four days for the

period 10/05/2019 through 10/08/2019." Following a lengthy hearing, the staff hearing officer "specifically disallowed" the requested conditions of "chemical exposure/inhalation; bilateral wrist/hand/finger injury" upon finding "the Claimant failed to sustain her burden" of proving by a preponderance of the evidence that "the above disallowed conditions or any other injury or occupational disease developed in the course of or arising out of her employment." Claim No. 19-202076 was denied "in its entirety." The commission refused to hear an appeal in an order issued on February 12, 2021. No appeal was taken in the court of common pleas with respect to this claim.

### C. Appeal to the Court of Common Pleas from Denial of Claim Nos. 20-194183, 20-194185, 20-194187

{¶ 6} On appeal from the denial of her claim Nos. 20-194183, 20-194185, and 20-194187, Alessio indicated in her pro se complaint that she had "reported a history of 23 Work Injuries from 2010 to 2020[.] Claims reported due to and from, Inhalation Exposure of Chemicals in the Aircraft Cabin with Defendant not providing Daily Personal Protective Equipment - PRE was not provided, not allowed and/or not suggested by Defendants to avoid any Injury and Illness" and that all 23 claims had been denied by United Airlines and disallowed by the commission. Alessio further alleged that "Personal Protective Equipment - PPE - for Daily Use, was finally Approved for the Aircraft Cabin, September 5, 2020, per the Association of Flight Attendants (AFA)" and that "[n]o Personal Protective Equipment was provided by Defendant for daily use to avoid any Injury/Illness from Chemical

Substance Products in Work Environment." The answers filed by United Airlines and the Administrator, Bureau of Workers' Compensation included the affirmative defense of res judicata.

{¶ 7} On February 7, 2022, United Airlines filed a motion for summary judgment, claiming in part that Alessio's "Claim Nos. 20-194183, 20-194185, and 20-194187 are barred by the doctrine of res judicata." United Airlines also presented arguments against the merits of the claims. On March 31, 2022, the court of common pleas granted the motion for summary judgment without opinion. Alessio timely filed this appeal.

## II. Law and Analysis

{¶ 8} Initially, Alessio claims that her case was not treated in a "fair, right and just manner" because the trial court did not proceed with a telephone pretrial conference that had been scheduled and did not provide a detailed opinion in ruling on the motion for summary judgment. The trial court's docket reflects that at the time of the case-management conference, the court set a pretrial conference date following the dispositive-motion deadline. Because the trial court's ruling on United Airlines' motion for summary judgment was dispositive of the matter, the trial court was not required to conduct any further proceedings. Moreover, nothing in Civ.R. 56 requires a trial court to conduct a pretrial conference prior to granting summary judgment. *See Giffen v. Meritor Automotive*, 5th Dist. Licking No. 98-CA-45, 1998 Ohio App. LEXIS 5766, 4 (Nov. 3, 1998). Also, there is no requirement for a trial court to provide reasons for its decision when ruling on the motion for summary

judgment and our de novo review is without any deference to the trial court's decision. *See Dean v. Liberty Mut. Ins.*, 8th Dist. Cuyahoga No. 106046, 2018-Ohio-3042, ¶ 9, citing *Powers v. Ferro Corp.*, 8th Dist. Cuyahoga No. 79383, 2002-Ohio-2612, ¶ 30.

{¶ 9} We review the trial court's decision to grant summary judgment de novo, and we also consider whether the action is barred by res judicata de novo. *Manning v. FCA US, LLC*, 6th Dist. Lucas No. L-19-1144, 2020-Ohio-706, ¶ 18, citing *Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176, ¶ 12, and *Holbrook v. OhioHealth Corp.*, 10th Dist. Franklin No. 14AP-507, 2015-Ohio-2354, ¶ 13. "Res judicata operates 'to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.'" *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651, 687 N.E.2d 768 (1998), quoting *Office of Consumers' Counsel v. Public Util. Comm.*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985). Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). "Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action." *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 5, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

{¶ 10} Generally, the doctrine of res judicata applies to administrative proceedings before the Industrial Commission and "a prior order by the commission can become res judicata in future proceedings before the commission." *State ex rel. Tantarelli v. Decapua Ents.*, 156 Ohio St.3d 258, 2019-Ohio-517, 125 N.E.3d 850, ¶ 14, citing *Kroger Co.* at 651.[1]  The party asserting that res judicata bars the action must establish that "the claimant has asserted a second 'identical workers' compensation claim[]' which 'the parties * * * had ample opportunity to litigate' in a prior proceeding; the issue was 'conclusively decided in a valid, final judgment on the merits,' * * *."  *Manning* at ¶ 19, citing *Marinkovic v. Diversified Inventory Solution, Inc.*, 147 Ohio App.3d 497, 771 N.E.2d 291, ¶ 8 (9th Dist.2002).

{¶ 11}  In this matter, United Airlines argued, and the staff hearing officer determined for each claim, that Alessio was alleging a claim arising from the same alleged exposure to chemicals during a specific day that was included in the staff hearing officer's final order for claim No. 19-202076, in which Alessio had alleged a cumulative trauma injury occurring over the four-day period "10/05/2019 through 10/08/2019."  Claim Nos. 20-194183, 20-194185, and 20-194187 allege that Alessio was injured by "chemical exposure in aircraft cabin" that resulted in "inflammatory/swelling to both hands and wrists" on October 6, 7, and 8, 2019, respectively.  The prior claim No. 19-202076 was decided on the merits following a lengthy hearing, with the staff hearing officer disallowing the claim upon

---

[1] This is not a case implicating the continuing jurisdiction of the Ohio Industrial Commission under R.C. 4123.52(A), which is limited.  *See Tantarelli* at ¶ 14-16.

determining Alessio did not sustain her burden of proof in demonstrating by a preponderance of the evidence that the conditions of "chemical exposure/inhalation as well as bilateral wrist/hand/finger injury" or any other injury or occupational disease "developed or occurred in the course or arising out of her employment." More specifically, the staff hearing officer was "not persuaded that [Alessio] was injured due to her alleged exposure/inhalation of 'jet scent' liquid air freshener in the course of her employment as a flight attendant with the named Employer over the period of [10/05/2019 through 10/08/2019]." The commission refused to hear an appeal on the prior claim No. 19-202076, and Alessio did not appeal to the court of common pleas.[2]

{¶ 12} In arguing against application of res judicata, Alessio refers to language in a district hearing officer order issued on May 4, 2018, on an earlier claim, No. 15-859117, with an alleged injury date of 11/5/2015, wherein it was observed that "there has not been an adjudication of the instant alleged date of injury. Thus, the issue is not res judicata." However, it is the prior adjudication of claim No. 19-202076 that implicates res judicata with respect to the current claims. Although Alessio also appears to argue that claim No. 19-202076 was allowed "on the VSSR" after the claim had been denied, the subsequent proceedings on which she relies do not support her claim. In the commission order issued May 21, 2021, attached as an exhibit to Alessio's complaint, the staff hearing officer found it was

---

[2] The failure to timely appeal was fatal to that claim. *See Richardson v. Indus. Comm. of Ohio*, 2d Dist. Montgomery No. 22797, 2009-Ohio-2548, ¶ 25.

"without jurisdiction to address the injured worker's 10/5/2020 IC8-9 Application for VSSR Award. This claim (19-202076) was denied in a 1/27/2021 Staff Hearing Officer order that was administratively affirmed. The Injured Worker did not appeal this decision to court." Accordingly, the staff hearing officer order issued on January 27, 2021, was a valid, final judgment on that claim.

{¶ 13} At oral argument before this court, Alessio offered a well-meaning and passionate concern about airline safety for both employees and the traveling public. While that concern is genuine, we are constrained to follow the law that applies to this case.

{¶ 14} Our review of the record reflects that Alessio asserted identical claims encompassed by her prior claim No. 19-202076, that the parties had ample opportunity to litigate the matter in the prior proceeding, and that the issue was conclusively decided in a valid, final decision on the merits. Upon our review, we conclude that claim Nos. 20-194183, 20-194185, and 20-194187 are barred by res judicata and affirm the lower court's decision to grant United Airlines' motion for summary judgment. We are not persuaded by any other argument presented by Alessio, and we do not consider United Airlines' arguments concerning the sufficiency of the evidence to support her claims.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR